# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARY FRENCH, )
                Plaintiff(s), )
v. )
NATIONSTAR MORTGAGE, LLC, )
                Defendant(s). )

Case No. 2:17-cv-00925-GMN-NJK

ORDER GRANTING MOTION TO STAY

(Docket No. 11)

Pending before the Court is Defendant's motion to stay. Docket No. 11. Plaintiff filed a response in opposition, and Defendant filed a reply. Docket Nos. 12, 16. The Court finds this motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to stay is hereby **GRANTED**.

I. **BACKGROUND**

Plaintiff brings claims against Defendant for alleged violation of the Telephone Consumer Protection Act. *See* Docket No. 1 at ¶¶ 46-55.[1] In particular, Plaintiff alleges that Defendant called her cell phone using an "automatic telephone dialing system" without her consent. *See, e.g.*, *id.* at ¶¶ 24-26. On October 19, 2016, the D.C. Circuit held oral arguments in the case of *ACA International v. Federal Communications Commission*, a consolidated case involving multiple challenges to the FCC's interpretation of the Telephone Consumer Protection Act. One such challenge is to the FCC's order

---

[1] Plaintiff stipulated to dismiss her state law claim. *See* Docket No. 10.

defining "automatic telephone dialing system." Defendant moves the Court for a stay of this case pending resolution of *ACA International*.

## II. STANDARDS AND ANALYSIS

Courts have inherent power to stay the cases before them as a matter of controlling their own docket and calendar. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. at 254. The movant bears the burden of showing that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In exercising its discretion, the Ninth Circuit has outlined various factors to be considered:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

In this case, Defendant seeks a stay of proceedings pending the D.C. Circuit's issuance of a decision in *ACA International*. Defendant has shown that the *ACA International* proceeding in the D.C. Circuit will likely bear on the issues in this case. Moreover, numerous judges within the Ninth Circuit and several judges within this District, have weighed the equitable factors in circumstances similar to those here and have concluded that a stay is warranted. *See, e.g.*, *Pichardo v. Amerigroup Corporation*, 2017 U.S. Dist. Lexis 88691 (D. Nev. June 8, 2017); *Gage v. Cox Comms., Inc.*, 2017 WL 1536220, at *2 (D. Nev. Apr. 26, 2017); *Lilly v. Synchrony Fin'l*, 2017 WL 1370698 (D. Nev. Apr. 7, 2017); *Spencer v. Kohl's Dept. Stores, Inc.*, 2017 U.S. Dist. Lexis 16420 (D. Nev. Feb. 6, 2017). Plaintiff has provided no persuasive

reason for the undersigned to depart from those conclusions in this case.[2] Instead, using those cases as guidance here, the Court concludes that the relevant factors weigh heavily in favor of a stay.

**III. CONCLUSION**

For the reasons discussed more fully above, the motion to stay is hereby **GRANTED**. Once a decision has been announced by the D.C. Circuit in *ACA International*, either party may move to lift the stay.

IT IS SO ORDERED.

DATED: July 6, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Plaintiff cites instead to *Toldi v. Hyundai Capital America*, which refused to enter a stay based on the conclusory arguments raised in support thereof. 2017 U.S. Dist. Lexis 26205, at *7 (D. Nev. Feb. 23, 2017). As such, *Toldi* is distinguishable from this case. *See, e.g.*, *Lilly*, 2017 WL 1370698, at *2 (distinguishing *Toldi* on this basis).